# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

REDINA HORACE,

    Plaintiff,

v.             Case No. 8:22-cv-2195-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.

_____

## <u>OPINION AND ORDER</u>[2]

## <u>I. Status</u>

  Redina Horace ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of bipolar disorder, depression, post-traumatic stress disorder, and back pain. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed December 20, 2022, at 99, 115, 295. Plaintiff

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed December 20, 2022; Order (Doc. No. 13), entered December 21, 2022.

protectively filed an application for SSI on November 22, 2019, alleging an onset disability date of October 2, 2019.[3] Tr. at 226-35; <u>see</u> Tr. at 98, 115. The application was denied initially, Tr. at 98-112, 113, 123, 124-26, 129, 131, 132-38, and upon reconsideration, Tr. at 114, 115-22, 150-51.[4]

On February 2, 2022, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 39-84. At the time, Plaintiff was fifty-one (51) years old. Tr. at 46. On February 11, 2022, the ALJ issued a Decision finding Plaintiff not disabled since the date the application was filed. <u>See</u> Tr. at 21-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel. <u>See</u> Tr. at 9-10 (Appeals Council exhibit list and order), 406-19 (brief and attachments), 224-25 (request for review). On July 29, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 6-8, thereby making the ALJ's Decision the final decision of the Commissioner. On September 22, 2022, Plaintiff commenced this action under

---

[3]     The administrative transcript also contains administrative action on an SSI application filed February 5, 2019 that is not at issue here. <u>See</u> Tr. at 85-96, 97.

[4]     Some of these cited documents are duplicates.

[5]     This hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 41, 43, 153-66, 182-83, 215-16.

42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in 1) "failing to make specific findings regarding [her] allegations pertaining to urinary frequency and/or incontinence"; and 2) "finding that [Plaintiff] can perform the job of a courier, even though her driver's license was suspended." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 14; "Pl.'s Mem."), filed January 19, 2023, at 3; see id. at 3-7 (argument on first issue), 7-8 (argument on second issue). On March 17, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 23-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 22, 2019, the application date." Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: bilateral hip derangement, bipolar disorder, persistent mood (affective) disorder, and substance abuse disorder." Tr. at 24 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b); function by function she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk 6 hours out of an 8 hour workday and sit 6 hours out of an 8 hour workday; she can frequently stoop and climb ramps/stairs, but never climb ladders, ropes, or scaffolds; she can occasionally kneel, crouch, and crawl; she must avoid concentrated exposure to hazards; she is able to understand, carry out, and remember simple, routine, and repetitive tasks; involving only simple, work-related decisions, and with a reasoning level of 1 or 2; she can adapt to gradual routine work place changes; she can maintain concentration, persistence, and pace at an acceptable level throughout a normal work day and week; and she can occasionally interact with the general public, coworkers, and supervisors.

Tr. at 26-27 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 31 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("49 years old . . . on the date the application was filed"), education ("a limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 31 (emphasis and citations omitted), such as "offal separator," "courier," and "cafeteria attendant," Tr. at 32. The ALJ concluded Plaintiff "has not been under a disability . . . since November 22,

2019, the date the application was filed." Tr. at 32 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff challenges the ALJ's evaluation of her allegations of urinary frequency and/or incontinence, and she argues the ALJ erred in finding she can perform the job of courier even though she has a suspended driver's license. The issues are addressed in turn.

### A. Urinary Frequency and/or Incontinence

Plaintiff contends the ALJ erred in evaluating her allegations of urination frequency and/or incontinence. Pl.'s Mem. at 3-7. Plaintiff recognizes that the ALJ specifically found the urinary issues to be non-severe at step two. <u>Id.</u> Nevertheless, Plaintiff argues the ALJ should have included more restrictions in the RFC for the urinary issues. <u>Id.</u> Responding, Defendant argues the ALJ properly considered Plaintiff's subjective complaints about urination frequency, found them non-severe, and excluded specific limitations on this issue in the RFC. Def.'s Mem. at 5-10.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. <u>See</u> 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with

the individual's ability to work[.]" <u>Brady v. Heckler</u>, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting <u>McDaniel v. Bowen</u>, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. <u>See</u> <u>id.</u> A claimant has the burden of proving that impairments are severe. <u>See</u> <u>Bowen</u>, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; <u>see also</u> <u>Walker v. Comm'r, Soc. Sec. Admin.</u>, 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." <u>See</u> <u>Bowen</u>, 482 U.S. at 141; <u>Simon v. Comm'r, Soc. Sec. Admin.</u>, 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical

functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635

(11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); <u>see</u> <u>Raper v. Comm'r of Soc. Sec.</u>, 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." <u>Raper</u>, 89 F.4th at 1277 (citation omitted); <u>see</u> 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. <u>Wilson</u>, 284 F.3d at 1225; <u>see also</u> <u>Dyer</u>, 395 F.3d at 1210; <u>Marbury v. Sullivan</u>, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; <u>see also</u> <u>Pupo v. Comm'r, Soc. Sec. Admin.</u>, 17 F.4th 1054, 1064 (11th Cir. 2021) (citing <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1268 (11th Cir. 2019)); <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ adequately assessed Plaintiff's complaints of urinary frequency and/or incontinence, finding the matter to be non-severe at step two and ultimately arriving at an RFC that is supported by substantial evidence. In making the step two findings, the ALJ specifically discussed that "[t]reatment notes indicated diagnosis of mixed incontinence." Tr. at 24. The ALJ found the matter had been treated conservatively with medication. Tr. at 24. Accordingly, the ALJ determined the urinary issues "caused no more than minimal limitations in [Plaintiff's] ability to perform basic work activity when considered singly or in combination with all of her impairments" and were therefore "non-severe." Tr. at 24. Later, in assessing Plaintiff's subjective complaints, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 28.

Plaintiff, in challenging the ALJ's findings, points to one record from a consultative examination and one treatment record that indicate Plaintiff has urinary frequency and/or incontinence and indicate she was taking medication for it. See Pl.'s Mem. at 5 (citing Tr. at 458, 666-68). These records do not undermine the ALJ's findings. The ALJ—having appropriately determined the urinary frequency and/or incontinence was not severe and that Plaintiff's subjective complaints are not entirely consistent with the medical evidence and other evidence—did not err in electing not to include in the RFC any specific

limitations in this regard. The ALJ's findings are supported by substantial evidence and need not be disturbed.

**B. Step Five Findings**

Plaintiff argues the ALJ erred in finding she could perform the job of courier at step five when her driver's license had been suspended. Pl.'s Mem. at 7-8. Plaintiff concedes the record does not contain the reason why her license was suspended (i.e., legal or medical related). Id. at 7. Responding, Defendant contends the ALJ's step five findings are supported by substantial evidence. Def.'s Mem. at 10-12.

In the fifth step of the sequential evaluation process, an ALJ considers a claimant's RFC, together with the claimant's "age, education, and work experience to see if [the claimant] can make an adjustment to other work." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At step five, the burden temporarily shifts to the Administration to show the existence of other jobs in the national economy that the claimant can perform with his or her impairments. Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1321 (11th Cir. 2021) (citation omitted).

Here, the ALJ found at step five that Plaintiff is capable of performing work that exists in significant numbers in the national economy, the specific jobs being "offal separator," "courier," and "cafeteria attendant." Tr. at 32. Plaintiff's challenge solely to the courier job fails. The Court need not reach the

question of whether Plaintiff's suspended driver's license undermined the courier job finding because the two other, unchallenged, jobs identified by the ALJ provide substantial evidence upon which the step five findings could be based. Specifically, the offal separator job has approximately 6,000 jobs in the national economy, and the cafeteria attendant has approximately 93,000 jobs in the national economy. Tr. at 32. These numbers of jobs are sufficient to meet the step five requirements. Thus, the ALJ's findings need not be disturbed.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2024.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record